IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMEL JOHNSON,

        Plaintiff,                        No. CIV S-11-0369 GGH P

   vs.

RALLOS, et. al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original and first amended complaint were dismissed and plaintiff has filed a second amended complaint. This case is before the undersigned pursuant to plaintiff's consent. Doc. 7.

        As previously stated, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint must contain more than a "formulaic recitation of the elements of a
9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15  v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17  the court to draw the reasonable inference that the defendant is liable for the misconduct
18  alleged."  Id.

19  In reviewing a complaint under this standard, the court must accept as true the
20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
23  1843 (1969).

24  Plaintiff had a lower bunk chrono from a prior prison when he arrived at CSP-
25  Solano.  Plaintiff alleges that three correctional officers were deliberately indifferent by not
26  honoring the chrono and forcing plaintiff to sleep in a top bunk.  Plaintiff alleges that he weighs

over 300 pounds and has back pain which makes it difficult to reach the top bunk. Plaintiff eventually injured his knee climbing down from the top bunk and alleges the three correctional officers violated the Eighth Amendment. Having reviewed the allegations of the complaint and amended complaint, the court finds that plaintiff has failed to show that the correctional officers conduct violated the constitution. Most importantly, it does not appear that correctional officers have the ability to provide a lower bunk chrono for medical reasons, nor did they apparently have the authority to honor a chrono issued by another institution.[1] As seen below, the proper procedure was to have plaintiff ask at his resident institution for a chrono which he apparently did. Plaintiff does not allege that after this chrono was received, the defendant correctional officers *still* refused to honor it. Their actions as described do not demonstrate deliberate indifference. Nevertheless, plaintiff will be given one more opportunity to amend his complaint with respect to these defendants if he can *truthfully* do so.

Plaintiff alleges that Dr. Shai treated plaintiff's knee on June 3, 2008, but was deliberately indifferent by delaying treatment for 16 months and failing to process and submit follow up medical forms as plaintiff's x-rays were not taken until September 10, 2009. Though, plaintiff's own Exhibit C indicates that he received an x-ray on June 6, 2008, three days after his meeting with Dr. Shai, that revealed his knee was not fractured or dislocated. Based on these results it is not clear what treatment was required.

Plaintiff alleges that Dr. Basi was deliberately indifferent by delaying treatment and not timely submitting lower bunk chrono. Yet, plaintiff's Exhibit B indicates that he was given a lower bunk chrono on June 3, 2008. Plaintiff alleges that Dr. Hsieh was deliberately indifferent by delaying treatment after plaintiff's x-rays were lost. Presumably plaintiff is referring to the June 6, 2008 x-rays, but plaintiff has a copy of the x-rays annexed to his second

---

[1] In the complaint, plaintiff related that the correctional officer s stated that they could not honor chronos issued by another institution. Plaintiff later amended his facts to relate that officers stated that they would not honor chronos–period. The undersigned is not impressed with plaintiff's manipulation of the facts.

amended petition.

Ultimately, plaintiff has failed to present any specific allegations against these doctors. Plaintiff simply states that he was seen by the doctors but did not receive any treatment for more than a year. Plaintiff fails to describe the treatment he eventually received, what treatment was denied, his efforts to attempt to obtain the proper treatment or how the failure to receive any treatment adversely effected him. Plaintiff was informed in the court's two prior screening orders that he must provide additional detail regarding these medical claims. Simply stating that he did not receive proper treatment, with no additional information, is insufficient.

Plaintiff's second amended complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). Plaintiff's bare allegations do not provide enough information for the court to draw any reasonable inferences that defendants are liable. Plaintiff has repeatedly been informed of these deficiencies and advised to provide additional information. In the court's last screening order plaintiff was told that no third amended complaint would be allowed. Nevertheless, in an abundance of caution, plaintiff will be given one more opportunity. Plaintiff should not name as defendants in this case persons for whom plaintiff has no real evidence of maltreatment.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's second amended complaint is dismissed with leave to amend for the reasons discussed above. The third amended complaint shall be filed within thirty days of the filed date of this order. Plaintiff is advised that this is the *last* time the court will authorize an amended complaint.

DATED: September 13, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:AB
john0369.b3