IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMEL JOHNSON,

    Plaintiff,                    No. 2:11-cv-0369 GGH P

   vs.

RALLOS, et. al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983 and motions to dismiss for failure to exhaust administrative remedies pursuant to Fed. R . Civ. P. 12(b) are currently pending. The motions were filed on May 21, 2012, and June 20, 2012, though plaintiff has yet to file an opposition. Plaintiff was previously informed of the requirements to oppose a motion to dismiss for failure to exhaust pursuant <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). However, in light of <u>Woods v. Carey</u>, --- F.3d ----, 2012 WL 2626912 (9th Cir. July 6, 2012), plaintiff will be informed again.

        Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby informs plaintiff of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). Such a motion is a

request that the court dismiss without prejudice any unexhausted claims. The moving party may submit affidavits or declarations under penalty of perjury and admissible documents to support the motion to dismiss. To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documents. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the operative complaint if that complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the operative complaint on which plaintiff relies. Plaintiff may also rely on one or more affidavits or declarations sworn to by other persons who have personal knowledge of relevant matters. In addition, plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence. In the event both sides submit matters outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of fact. If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion. See L.R. 230(l). If the court grants the motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

      Plaintiff will be provided 21 days to file his opposition to the motions to dismiss. Failure to file any opposition to the motions will result in a recommendation that this action be dismissed.

/////
/////
/////
/////
/////
/////

Accordingly, IT IS HEREBY ORDERED that plaintiff will be provided 21 days to file his opposition. Failure to file any opposition to the motions will result in a recommendation that this action be dismissed. No more extensions will be provided.

DATED: July 11, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
john0369.brf