IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMEL JOHNSON,

        Plaintiff,                    No. 2:11-cv-0369 GEB AC P

    vs.

RALLOS, et al.,

        Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

        By order filed on March 20, 2012, the court directed the United States Marshal to serve process upon, inter alia, defendant Amrick Basi in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendant. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

1

On October 31, 2012, the United States Marshal filed a return of service with a USM-285 form showing total charges of $249.00 for effecting personal service on defendant Amrick Basi. The form shows that a waiver of service form was mailed to the defendant on March 22, 2012; returned from the prison facility on March 30, 2012, noting that defendant Basi is no longer employed at CSP-Solano[1]; forwarded on April 6, 2012 and June 29, 2012, from which no response was received. When the waiver was not returned as of October 4, 2012, the marshal assigned personal service, which was executed on October 9, 2012. The individual served on defendant Basi's behalf is identified as his mother, Mrs. Basi.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.

Fed. R. Civ. P. 4(d)(1).

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A)  the expenses later incurred in making service; and
> (B)  the reasonable expenses, including attorney's fees, of any Motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

Following an examination of the court's docket, the undersigned has identified a second case in which defendant Basi was served by personal service on his mother, Mrs. Basi, on the same day at essentially the same time. In this case, Mrs. Basi was served on October 9, 2012 at 1:30 p.m. See Doc. No. 37. In the second case, Mrs. Basi was served on October 9, 2012 at 1:28 p.m. Case No. 2:11-cv-2712-GEB-AC, Doc. No. 25. Thus, the U.S. Marshal was able to effectuate service on the same defendant in two, unrelated cases at the same time and on the same individual. Yet in each case, the U.S. Marshal is requesting reimbursement in the

---

[1] California State Prison-Solano.

amount of $249.00, consisting of $165.00 for service fee and $84.00 for mileage charges. As to the service fee, the court finds that defendant Amrick Basi was given the opportunity required by Rule 4(d) to waive service and has failed to comply with the request. Accordingly, he will be assessed the full amount of the service fee. However, the court finds that the U.S. Marshal's request for reimbursement of mileage charges is duplicative of its request filed in case number 11-cv-2712-GEB-AC. Therefore, defendant will only be assessed half of the mileage charges.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendant Amrick Basi shall pay to the United States Marshal the sum of $207.00 ($165.00 for service fee plus $42.00 for mileage charges), unless within that time defendant files a written statement showing good cause for his failure to waive service. The court does not intend to extend this fourteen-day period.

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

3. The Clerk of the Court is directed to serve a copy of this order on Amrick Basi in care of Mrs. Basi at the address at which personal service upon Mr. Basi was effected.

DATED: December 3, 2012.

_____/s/_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;john0369.taxcost