# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMEL JOHNSON, | No. 2:11-cv-0369 GEB AC P |
| Plaintiff, | |
| v. | |
| RALLOS, et al., | ORDER |
| Defendants. | |

Plaintiff is a prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. This action proceeds against defendant Hseih on a claim of inadequate medical care in violation of the Eighth Amendment. By Order filed on October 17, 2012 (ECF No. 35), defendants' motions to dismiss were granted as to all defendants except Hseih, who was ordered to file an answer within fourteen (14) days. The answer was timely filed. ECF No. 36. On July 19, 2013, plaintiff filed a request for reconsideration of the order dismissing defendants other than Hseih. The motion has been fully briefed.

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of

judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  Id.  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

## Discussion

On May 21, 2012, defendants Brimhall, Kimura-Yip and Rallos filed a motion to dismiss on the following grounds: (1) failure to exhaust administrative remedies; (2) failure to state a claim; (3) qualified immunity.  ECF No. 26.  Defendant Basi filed a notice of joinder in the motion on June 20. 2012.  ECF No. 29.  No opposition was filed.  On July 12, 2012, Magistrate Judge Hollows, in light of the July 6, 2012 ruling in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012),  provided plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).[1]  ECF No. 30.  Plaintiff was informed that his opposition must be filed within

---

[1] Judge Hollows had previously provided Wyatt notice to plaintiff by order filed on March 20, 2012.  ECF No. 22.

1 twenty-one days and that failure to oppose the motion would result in a recommendation of
2 dismissal.  Id.  Plaintiff did not file an opposition.  By order filed on August 28, 2012, the
3 magistrate judge found plaintiff's failure to oppose should be deemed a waiver of opposition to
4 the motions and, in the alternative, that the motions had merit.  It was recommended that all
5 defendants but Hseih be dismissed.  ECF No. 34.

6 Plaintiff very belatedly requests reconsideration of the order of the undersigned filed on
7 October 17, 2012, adopting the findings and recommendations.  ECF No. 35.  Plaintiff contends
8 that he was unaware of defendants' motions to dismiss until December of 2012 because he "was
9 incarcerated in Solano County Jail as of June 2012 and before that [his] mailing address had
10 changed without [his] awareness. . . ."  ECF No. 53.

11 It is the plaintiff's responsibility to keep the court apprised of his current address at all
12 times, and service of documents at the record address of the party is fully effective.  E.D. Local
13 Rule 182(f).  The court's review of the case docket reveals that plaintiff had previously provided
14 notices of his changes of address in January of 2012 (ECF No. 19) and again in April of 2013
15 (ECF No. 45), and thus was fully aware of how to keep his address current.  Plaintiff references a
16 communication with the court in December of 2012 (ECF No. 41) in which he sought to explain
17 that he was unaware until then that a resident at his former address no longer was living there.
18 However, at that time plaintiff made no request for reconsideration of the order at issue here.

19 More significantly, plaintiff's present request provides no substantive basis for
20 reconsideration of the order.  He identifies no error, and sets forth no grounds by which he would
21 have sought to oppose the motions to dismiss.  Plaintiff addresses the administrative exhaustion
22 issue very cursorily[2] in his reply to defendants' opposition to his reconsideration, ECF No. 59, but
23 otherwise does not address the issues that were before the court on the motions to dismiss.
24 Plaintiff has failed to provide "substantially different evidence" from that which was before the
25 court on the motions to dismiss, and has neither presented "new controlling authority" or
26 demonstrated how "the prior decision was clearly erroneous and would result in injustice."  Handi

---

[2] Plaintiff claims in conclusory fashion to have exhausted his claim, but provides no details or documentation.

3

Investment Co. 653 F.2d at 392.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 53) is denied.

Dated:  November 26, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge