UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMEL JOHNSON, | No. 2:11-cv-0369 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| RALLOS, et al., | |
| Defendants. | |

Plaintiff has filed his second request for a 60-day extension of time to file and serve an opposition to defendant's January 10, 2014 motion for summary judgment pursuant to the court's order of February 24, 2014. In seeking his initial extension of time, the court noted that plaintiff seemed to be basing that request on a "misguided belief that he is entitled to a free copy of his entire deposition transcript from the defendant. . ." ECF No. 66. Plaintiff, thus, has been previously informed that there is no provision in the Federal Rules of Civil Procedure or the Local Rules for free deposition transcript copies. Id. The court permitted plaintiff a two-month extension of time to secure a copy of his deposition which he had claimed to need to oppose the summary judgment motion effectively. Id. Plaintiff was explicitly informed that to obtain the deposition copy, he would have to pay for it. Id.

Notwithstanding the information provided by the court, plaintiff again seeks a lengthy

1  extension based on his not having been provided a full copy of his deposition with the
2  defendant's motion for summary judgment.  ECF No. 67.  Plaintiff also moves for discovery from
3  defendant in the form of a complete copy of his deposition.  ECF No. 68.  Plaintiff claims that
4  defendant has stated that he provided an entire copy of his deposition to plaintiff but has not.  Id.
5  A review of the case docket, however, reveals only that defendant filed notice of having lodged a
6  copy of the entire deposition transcript with the court in accordance with Local Rule 133(j),[1] as is
7  appropriate.  ECF No. 64.  Defendant also states that excerpts of the deposition relevant to
8  support defendant's summary judgment motion are among the documentary evidence attached to
9  the motion.  Id.  Plaintiff indicates that he has received those deposition excerpts.  ECF No. 67 at
10 2.  The notice does not state that plaintiff has been provided with a full copy of his deposition
11 transcript.
12       Once again and for the final time, plaintiff is informed that he is not entitled to a free copy
13 of his deposition transcript.  If plaintiff wishes to obtain a copy of his deposition, he is required to
14 pay for it, in accordance with Rule 30(f)(3) of the Federal Rules of Civil Procedure.  "When paid
15 reasonable charges, the officer" before whom the deposition was conducted "must furnish a copy
16 of the transcript . . . to any party or the deponent."  Fed. R. Civ. P. 30(f)(3).  Moreover, the
17 expenditure of public funds on behalf of an indigent litigant is proper only when authorized by
18 Congress, and the in forma pauperis statute does not authorize the expenditure of public funds for
19 the purpose sought by plaintiff in the instant motion.  See Tedder v. Odel, 890 F.2d 210 (9th
20 Cir.1989) (citations omitted).  Plaintiff's request that defendants provide him with a free copy of
21 his deposition at their expense will be denied.  To the extent plaintiff might seek to be provided a
22 copy of his deposition transcript at government expense, any such request must also be denied.
23       Since plaintiff's request for an extension of time is largely, if not wholly, predicated on his
24 continuing mis-perception that he is entitled to a copy of his deposition transcript from defendant
25 at defendant's expense, it will only be granted in part.  Plaintiff has already been provided with

---

[1] L.R. 133(j) requires counsel relying on a deposition to submit either "a courtesy hard copy of the entire deposition … to the Clerk for use in chambers" or "an electronic copy of the deposition…."  "Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise."  Id., citing L.R. 250.1(a).

ample opportunity to obtain a copy of his deposition transcript in accordance with Fed. R. Civ. P. 30(f)(3).  Plaintiff will not be granted any further extension of time beyond an additional thirty days to file his opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 67) is granted in part;

2. Plaintiff's "motion for full discovery" (ECF No. 68) is denied;

3. Plaintiff shall file and serve an opposition to defendant's motion for summary judgment on or before May 8, 2014.  No further extensions of time will be granted.

DATED: March 31, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE